**WO**                                                                                    LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence Dawson, | ) | No. CV 05-3546-PHX-SMM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Terry Stewart, et al., | ) | |
| Defendants. | ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff seeks leave to file excess pages as part of his civil rights complaint. In lieu of paying the $250.00 filing fee, Plaintiff seeks leave to proceed *in forma pauperis*. Because he has three strikes under 28 U.S.C. § 1915(g), the Court will deny his request and dismiss his action.

**A.    Three Strikes Rule.**

The three strikes rule, 28 U.S.C.1915(g), provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The constitutionality of this rule has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

1    Three of Plaintiff's prior actions have been dismissed for frivolousness or for failure

2    to state a claim.  See Dawson v. Dawson, No. CV 05-2288-PHX-SMM (LOA) (D. Ariz.)

3    (Sept. 8, 2005 Ord.) (failure to state a claim); Dawson v. Lewis, No. CV 96-0211-TUC

4    (RMB) (D. Ariz.) (Nov. 2, 1996 Ord.) (frivolous); Dawson v. Symington, No. CV 96-0585-

5    PHX-CAM (BGS) (D. Ariz.) (Apr. 1, 1996 Ord.) (frivolous).  Copies of these orders are

6    attached as exhibits to this Order.

7        In this action, Plaintiff sues the former director of the Arizona Department of

8    Corrections and several health professionals.  His allegations are not clearly stated, and he

9    has attached exhibits that are impossible to follow.  It is not the Court's burden to sort

10   through these documents and form Plaintiff's allegations for him.  In what appears to be a

11   handwritten introductory statement, however, Plaintiff challenges his conviction of the basis

12   of "conspiracy issues" and ineffective assistance of counsel, and he claims that various

13   documents prove his innocence.  These allegations do not fall within the exception set forth

14   in §1915(g) for imminent danger of serious physical injury.

15       Plaintiff also alleges in the introductory statement that he has been physically,

16   mentally and spiritually abused for the past eighteen years, and that he would rather be put

17   to death than to spend the rest of his life in maximum security.  He claims that he has been

18   denied his "disability rights," but does not describe how that occurred.  These general

19   allegations are not sufficiently specific to demonstrate that his action within the exception

20   set forth in §1915(g) for imminent danger of serious physical injury.

21       Where Plaintiff has submitted specific allegations regarding his health, he refers to

22   events in the past.  For example, he alleges that he had "bad surgeries" in 1995 and 1989, that

23   his nose was broken and his sinus cavities damaged in 2001, and that his eye veins were

24   broken from Tazer guns in 1998.  He seeks damages for injuries since 1987, more than

25   fifteen years ago.  An allegation that imminent danger was faced in the past is insufficient

26   to meet the exception under § 1915(g).  Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir.

27   2003); Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239

28   F.3d 307, 310-11 (3d Cir.), cert. denied, 533 U.S. 953 (2001); Medberry v. Butler, 185 F.3d

1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir.1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998). The "imminent danger" exception is available for genuine emergencies, where time is pressing and a threat is real and proximate. <u>Heimermann</u>, 337 F.3d at 782. In light of these authorities, Plaintiff is not entitled to proceed *in forma pauperis* because his allegations do not establish imminent danger. He has not connected any of his allegations to the named defendants, and his allegations regarding his medical care concern events in the past. Accordingly, his Complaint must be dismissed for failure to pre-pay the $250.00 filing fee.

**B.    <u>Duplicative Action.</u>**

In addition, Plaintiff's present action is duplicative of an earlier-filed action, <u>Dawson v. Stewart</u>, No CV 05-3272-PHX-SMM (LOA). A few weeks after filing the earlier action, Plaintiff submitted the present action. A district court does not abuse its discretion by dismissing a suit as frivolous when the complaint "merely repeats pending or previously litigated claims." <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting <u>Bialey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988)); <u>see</u> also <u>Aziz v. Burrows</u>, 976 F.2d 1158, 1159 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

**IT IS THEREFORE ORDERED that**:

(1)  Plaintiff's Motion for Leave to File Excess Pages and his Application to Proceed In Forma Pauperis (Dkt. #1) are **denied**.

(2) The Complaint and this action are **dismissed** for failure to pre-pay the $250.00 filing fee pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 1st day of December, 2005.

Stephen M. McNamee
Chief United States District Judge

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9    Lawrence Dawson,                          )    No. CV 05-2288-PHX-SMM (LOA)
                                                )
10            Plaintiff,                        )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12                                              )
     Edward Dawson, et al.,                     )
13                                              )
              Defendants.                       )
14                                              )
                                                )
15   _____

16            Plaintiff, currently confined in the Special Management Unit I at the Arizona State

17   Prison Complex in Florence, Arizona, has filed a *pro se* Complaint (Doc. #1) pursuant to 42

18   U.S.C. § 1983.  The Court will dismiss the action.

19   **A.       Application to Proceed In Forma Pauperis & Filing Fee.**

20            Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C.

21   § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.

22   No initial partial filing fee will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By

23   separate order, the Court will direct the appropriate agency to collect monthly payments of

24   20 percent of the preceding month's income credited to Plaintiff's trust account.  These

25   payments will be forwarded by the appropriate agency to the Clerk of Court each time the

26   amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

27   § 1915(b)(2).

28

1    Plaintiff should take notice that if he is released before the filing fee is paid in full, he

2    must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

3    release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

4    his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

5    he is unable to pay the remainder of the filing fee.

6    **B.    Statutory Screening of Prisoner Complaints.**

7    The Court is required to screen complaints brought by prisoners seeking relief against

8    a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

9    § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised

10   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

11   may be granted, or that seek monetary relief from a defendant who is immune from such

12   relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured

13   by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the

14   complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

15   Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can

16   possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court

17   therefore should grant leave to amend if the pleading could be cured by the allegation of

18   other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.  The

19   Court should not, however, advise the litigant how to cure the defects.  This type of advice

20   "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124

21   S. Ct. 2441, 2446 (2004) (to be reported at 542 U.S. 225); see also Lopez, 203 F.3d at 1131

22   n.13 (declining to decide whether court was required to inform litigant of deficiencies).

23   Plaintiff's Complaint will be dismissed *without* leave to amend because the Complaint cannot

24   possibly be saved.

25   **C.    Complaint.**

26   Plaintiff's action concerns his criminal proceedings.  In the Gila County Superior

27   Court, he was convicted of seven counts of child molestation and one count of sexual abuse.

28   Plaintiff sues sixteen defendants, including a superior court judge and county prosecutors.

He claims that these persons conspired to deprive him of his constitutional rights as a pretrial detainee by prosecuting him outside the law and subjecting him to unconstitutional procedures. Specifically, in Count I, Plaintiff alleges that his disability was not treated fairly to the detriment of his mental, medical and spiritual health. In Count II, Plaintiff alleges that his counsel was ineffective in violation of the Sixth Amendment. In support, Plaintiff attaches a copy of two complaints he filed with the State Bar of Arizona against two court-appointed lawyers. In Count III, Plaintiff asserts that his due process rights were violated by ineffective assistance of counsel and the conduct of court administrators. For relief, he requests an award of forty million dollars.

**D.    Failure to State a Claim.**

When a prisoner challenges the validity of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For civil rights claims brought in § 1983 actions that also challenge the validity of confinement, the Supreme Court announced a "favorable termination rule" as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued. Id. at 489. Thus, if a judgment in favor of the plaintiff would necessarily imply that invalidity of his conviction or sentence, the complaint must be dismissed. Id. at 487.

The Ninth Circuit Court of Appeals has found that "[t]here is no question" that the "favorable termination" rule bars a convicted Plaintiff's claim that defendants lacked probable cause to arrest and that defendants brought unfounded charges. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Wrongful arrest and conspiracy to bring false charges could not have occurred unless the plaintiff were innocent of the crimes for which he was

convicted.  <u>Guerrero v. Gates</u>, 357 F.3d 911, 916-17 (9th Cir. 2004).  Similarly, Plaintiff's claims that his disability was treated unfairly in the criminal prosecution, that his counsel was ineffective, and that his due process rights were denied in the criminal process are claims that directly implicate the validity of Plaintiff's conviction and imprisonment.  Accordingly, under <u>Heck</u>, 512 U.S. 477, these claims are barred unless Plaintiff can show a "favorable termination."  Because he has not made such a showing, his action will be dismissed without prejudice for failure to state a claim.

**E.      Motion for Extension of the Page Limits.**

Plaintiff has also moved to extend the page limits to include legal argument.  Legal argument is not proper for a complaint but is instead reserved for motions and trial.  More important, the Court's disposition of his action renders his motion moot.  Accordingly, the Court will deny the motion.

**IT IS THEREFORE ORDERED:**

(1)   That Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1);

(2)   That Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

(3)   That Plaintiff's Motion for Extension of the Page Limits (Doc. #3) is **denied**;

(4)   That the Complaint and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly; and

///

///

///

///

- 4 -

1

2       (5)   That the Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C.

3 § 1915(g).

4

5       DATED this 7th day of September, 2005.

6

7

                               Stephen M. McNamee

8                         Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence Dawson | ) | |
| | ) | |
| Plaintiff | ) | CIV 05-2288-PHX-SMM-LOA |
| | ) | |
| vs. | ) | **JUDGMENT** |
| | ) | |
| Edward Dawson, et al. | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

\_\_\_\_    **Jury Verdict.**  This action came before the Court for trial by jury.  The issues have been tried and the jury has rendered its verdict.

 X     **Decision by Court.**   This action came for consideration before the Court.  The issues have been considered and a decision has been rendered.

   IS IS THEREFORE ORDERED that the complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii); that the Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. 1915(g).

               September 8,2005

               RICHARD H. WEARE
               Clerk/DCE

                S/ T. Johnson
               (By) Deputy Clerk

FILED _____ LODGED
RECEIVED _____ COPY

NOV 2? 1996

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6                FOR THE DISTRICT OF ARIZONA

7

8    LAWRENCE DAWSON,                    )
                                         )
9                    Plaintiff,          )
                                         )    CIV 96-211-TUC-RMB
10           v.                          )
                                         )
11   SAMUEL A. LEWIS, et al.,            )    **ORDER**
                                         )
12                   Defendants.         )
     _____)

13

14          Lawrence Dawson, presently confined in the Cook Unit of the Arizona State Prison Complex-

15   Eyman, at Florence, Arizona (ASPC-Eyman), filed with the Clerk of the Court on January 17, 1996 a

16   pro se Complaint pursuant to Title 42 U.S.C. § 1983.  Plaintiff also filed a Declaration In Support of

17   Request to Proceed In Forma Pauperis.  The Complaint was filed prior to the enactment of the Prison

18   Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amends

19   28 U.S.C. §1915(a), (b).

20          In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious

21   medical needs because they failed to provide adequate medical care and they delayed medical care for

22   an "Achronoid Cyst" in Plaintiff's brain, "damaged prolaspe valve" in Plaintiff's heart, and "damaged

23   ulcerated varicose veins" in Plaintiff's legs (Complaint at 5A).  Plaintiff complains about medical

24   treatment and events during a period from 1987 to 1991 (Complaint at 5G-5M).

25          Named as Defendants in the Complaint are: (1) Samuel Lewis; (2) Theodore Jolley, Facility

26   Health Administrator; (3) Patricia Stapler, M.D.; (4) Dimitri Catsaros, M.D.; (5) Theodore Smith, M.D.;

27   (6) Fran Tucker; (7) Fran Cheske; (8) Ben Reys, R.N.; (9) Ray Rickleman, P.A.; (10) Lloyd Buckmaster,

28

RmB
m A
Daws Jr

1



1   P.A.; (11) Dan Vanelli, Deputy Warden; (12) Dorothy Vigil, Deputy Warden; (13) William Gaspar,
2   Deputy Warden; and (14) "and et al."
3           Plaintiff seeks compensatory, punitive and future damages.
4           Because the actions which Plaintiff complains of occurred in 1989 through 1991, this Court is of
5   the opinion that Plaintiff's instant action is barred by the statute of limitations.  For actions under 42
6   U.S.C. §1983, federal courts apply the statute of limitations for personal injury actions of the state in
7   which the claim arises.  Krug v. Imbordino, 896 F.2d 395, 396-97 (9th Cir. 1990).  Arizona Revised
8   Statutes (A.R.S.) §12-542(1) provides that actions for personal injuries shall be commenced within two
9   years after the cause of action accrues.
10          State law also determines the application of tolling doctrines.  Wilson v. Garcia, 471 U.S. 261,
11  269 (1985).  Arizona's tolling statute suspends the running of the statute of limitations for persons under
12  certain disabilities, including imprisonment.  See, A.R.S. §12-502.  However, the period of such a
13  disability exists "only until such time as the person imprisoned discovers the right to bring the action or
14  with the exercise of reasonable diligence should have discovered the right to bring the action, whichever
15  occurs first and such person shall have the same time after the disability ceases to exist which is allowed
16  to others."  A.R.S. §12-502B.  While state law determines the period of limitations, federal law
17  determines when the cause of action arises.  Vaughn v. Grijalva, 927 F.2d 476, 480 (9th Cir. 1991).
18  Under federal law, a cause of action generally accrues when a plaintiff "knows or has reason to know of
19  the injury which is the basis of the action."  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th
20  Cir. 1991), cert. denied, 502 U.S. 1091 (1992).
21          Here, Plaintiff knew of the injuries that are the basis of the present cause of action as of May,
22  1991, as evidenced by two previous complaints filed in this Court alleging deliberate indifference with
23  regard to the same medical conditions and medical treatment.  On May 7, 1991, Plaintiff filed a complaint
24  in case number CIV 91-252-TUC-RMB alleging, among other claims, that the defendants were
25  deliberately  indifferent in failing to provide adequate medical care and treatment for the same medical
26
27
28                                                  2

1  conditions that he complains of in the present Complaint.[1]  On January 7, 1994, the United States District

2  Court ruled that Plaintiff failed to state a claim for deliberate indifference to his serious medical needs.

3  That case is currently on appeal to the Ninth Circuit Court of Appeals.  Moreover, on July 8, 1991,

4  Plaintiff filed another complaint in case number CIV 91-378-TUC-RMB alleging deliberate indifference

5  in the diagnosis, treatment and care for his serious medical needs.  That case was consolidated with CIV

6  91-252-TUC-RMB.  See, Order of November 8, 1991, CIV 91-378-TUC-RMB.

7        Accordingly, Plaintiff knew of the injury that is the basis of this action in May, 1991.  Therefore,

8  the tolling provision did not suspend the running of the two year statute of limitations after May, 1991,

9  and thus, the statute of limitations barred Plaintiff's action as of May, 1993.

10       An action may be dismissed under 28 U.S.C. §1915(e)(2) (as amended) where the defense is

11  complete and obvious from the face of the pleadings.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.

12  1984).  The Ninth Circuit has "held that a sua sponte dismissal was not erroneous in an analogous

13  context."  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993) (referring to

14  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).  Therefore, because Plaintiff's Complaint under

15  42 U.S.C. §1983 is time-barred by the statute of limitations, it does not have an arguable basis in law and

16  will be dismissed pursuant to 28 U.S.C. §1915(e)(2).  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

17       **IT IS THEREFORE ORDERED** that the Complaint and action are dismissed and that judgment

18  shall be entered accordingly.

19

20  Dated this _21_ day of _November_, 1996.

21

22

23

24  _____

    RICHARD M. BILBY

25  Senior United States District Judge

26

27  [1]  Plaintiff filed an amended complaint in case number CIV 91-252-TUC-RMB on October 4, 1991.

28                                              3

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

FILED ___✓
RECEIVED ___   LODGED ___
COPY.
NOV 25 1996
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___   DEPUTY

LAWRENCE DAWSON,       )
                       )
                       )
                       )
     vs.               )
                       )
                       )
SAMUEL A. LEWIS, ET AL.,  )
                       )
                       )
_____)

**JUDGMENT IN A CIVIL CASE**

Case NO. CV-96-211-TUC-RMB

**DECISION BY COURT.**  This action came under consideration before the Court.  The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Complaint and action are **DISMISSED** and that judgment shall be entered accordingly.

November 22, 1996                RICHARD H. WEARE
Date                             CLERK

(By)  Deputy Clerk, Maureen Gorski

cc:  OB, RMB, MA, DAWSON





1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8               FOR THE DISTRICT OF ARIZONA

9

10    LAWRENCE DAWSON,                     )
                                           )
11              Plaintiff,                 )
                                           )
12        v.                               )    CIV 96-0585-PHX-CAM (BGS)
                                           )
13    FIFE SYMINGTON, GOVERNOR et al.)
                                           )
14              Defendants.                )         O R D E R
      _____)

15        Lawrence Dawson, presently confined in the Arizona State

16    Prison Complex, Florence, Arizona, has filed with the Clerk of the

17    Court a pro se Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff

18    has also filed a Declaration in Support of Request to Proceed In

19    Forma Pauperis.

20        Plaintiff alleges, inter alia, that defendants have

21    encroached upon his First, Fifth, Eighth, Thirteenth, and

22    Fourteenth Amendments of the U.S. Constitution by the enactment of

23    various statutes which has denied him access to medical care and

24    access to the Courts.  Plaintiff further contends that the

25    language of the statutes "cloaks these prisoners with servitude to

26    the State in being able to receive indigent medical care and

27    treatment" (Complaint at 2).  Plaintiff also contends that A.R.S.

28                                    1



31-201.01(I), which charges inmates three ($3.00) for medical care, is involuntary servitude because it forces inmates into a position of "servitude to the master" (complaint at 7). Plaintiff further contends that the language of the statute is legislated to suppress the class of prisoners "into severe servitude or peonage"(Complaint at 12). Named as Defendants are: Fife Symington, Governor of the State of Arizona; Grant Woods, Attorney General; and Legislatures of Arizona, a governing body of the State. Plaintiff seeks compensatory and punitive damages and attorney's fees.

Before a state official can be sued in federal court he must have some connection with the enforcement with the law being challenged. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908). The constitutionality of every act passed by the legislature cannot be tested by a suit against the Governor, based upon the theory that, as the executive of the state, was, in a general sense, charged with the execution of all its laws. Id. at 157, 28 S.Ct. at 452-53 (citation omitted). Plaintiff has set forth no allegations that defendant Symington has any connection with the enforcement of the laws being challenged.

To determine whether an officer has the necessary connection with enforcement of the act the appropriate inquiry should be made in the context of Article III, not the Eleventh Amendment. L.A. Branch NAACP v. L.A. Unified School Dist., 714 F.2d 947 (9th Cir. 1983); N.A.A.C.P. v. State of Cal., 511 F.Supp. 1244, 1256 (1981); see, Allied Artists Pictures corporation v. Rhodes, 473 F.Supp. 560 (S.D. Ohio 1979); see e.g., Gladstone, Realtors v. Village of

2

1   <u>Bellwood</u>, 441 U.S. 91, 99 S. Ct. 1601 (1979); <u>Duke Power Co. v.</u>

2   <u>Carolina Environ. Study</u>, 438 U.S. 59, 98 S. Ct. 2620 (1978); <u>Simon</u>

3   <u>v. Eastern Ky. Welfare Rights Organization</u>, 426 U.S. 26, 96 S. Ct.

4   1917 (1976).  Accordingly, such inquiries, which lie at the "heart

5   of the Article III 'case and controversy' requirement" determine

6   whether the plaintiff suffered an injury which is fairly traceable

7   to the conduct of the defendant.   <u>Id.</u>   It is difficult to

8   ascertain from the contents of Plaintiff's complaint precisely

9   what injury he has suffered.  However, it is clear that Plaintiff

10  has not established that his injury is "fairly traceable to the

11  conduct of the defendant."  Accordingly, defendant Symington is

12  not a proper defendant and will be dismissed.

13      A state attorney general's function as a government advocate

14  entitles him or her to absolute immunity from suit for damages.

15  <u>Murphy v. Morris</u>, 849 F.2d 1101, 1105 (8th Cir. 1988); <u>See Barrett</u>

16  <u>v. United States</u>, 798 F.2d 565, 571-73 (2d Cir. 1986).

17  Furthermore, Plaintiff has failed to allege the affirmative link

18  between Defendant Woods's conduct and Plaintiff's injury.

19  Accordingly, there is not a deprivation of Plaintiff's

20  constitutional rights with respect to Defendant Woods.  <u>Rizzo v.</u>

21  <u>Goode</u>, 423 U.S. 362, 96 S. Ct. 598 (1976).

22      With respect to defendant "Legislatures of Arizona", the

23  Court construes this defendant to be the Arizona Legislature.

24  Plaintiff has named the "Legislatures of Arizona" as a defendant

25  to the action but has not named the individual members of the

26  Legislature who participated in the activities of which he

27  complains.  A complaint wherein any party is designated or sought

28                                      3

1   to be joined under a fictitious name is improper.  Local R. of

2   Prac. 10(d).  Therefore, defendant "Legislatures of Arizona" is

3   not a proper defendant.  Moreover, even if Plaintiff had named the

4   individual members of the legislature who participated in the acts

5   of which he complains, they would not be proper defendants.  "The

6   absolute immunity of legislators, in their legislative functions,

7   . . . now is well settled."  Harlow v. Fitzgerald, 457 U.S. 800,

8   807, 102 S. Ct. 2727, 2732 (1982) (citations omitted).  See also

9   Kuzinich v. County of Santa Clara, 689 F.2d 1345, 1349 (9th Cir.

10  1982).  "Absolute immunity protects the legislative process by

11  shielding lawmakers from civil liability based on their

12  legislative role which necessarily involves the balancing of

13  social needs and rights of different groups.  Gutierrez v.

14  Municipal Court, 838 F.2d 1030, 1046 (9th Cir. 1988).  See also

15  Tenney v. Brandhove, 341 U.S. 367, 377, 71 S. Ct. 783, 788 (1951).

16  This absolute immunity extends to local legislators.  Kuzinich,

17  689 F.2d at 1349.

18       The defects in Plaintiff's complaint however, go beyond the

19  failure to name proper defendants.  Plaintiff's claim of

20  involuntary servitude is without merit.  The Thirteenth Amendment

21  does not prohibit involuntary servitude as part of imprisonment

22  for a crime.  Hale v. State of Arizona, 993 F.2d 1387, 1394 (9th

23  Cir.) (en banc), cert. denied, 114 S.Ct. 386 (1993) ("Convicted

24  criminals do not have the right to freely sell their labor and are

25  not protected by the Thirteenth Amendment against involuntary

26  servitude."); Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir.

27  1985); see Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.), cert.

28                                  4

1  _denied_, 375 U.S. 915 (1963).

2          Rule 8(a) of the Federal Rules of Civil Procedure requires

3  that a complaint contain "a short and plain statement of the claim

4  showing that the pleader is entitled to relief."  Rule 8(e)(1) of

5  the Federal Rules of Civil Procedure states that "[e]ach averment

6  of a pleading shall be simple, concise, and direct."

7          Additionally, Rule 3.2(a) of the Local Rules of Practice

8  provides in pertinent part:

9          The complaint and any amended complaint shall contain
            a short and plain statement of the claim and each
10          averment shall be simple, concise, and direct.
            Additional pages not to exceed fifteen (15) in number
11          may be included with the Court-approved form complaint
            and any amended complaint, provided the form is
12          completely filled in to the extent applicable in the
            particular case.
13
14          Here, Plaintiff's Complaint fails to provide "a short and

15  plain statement of the claim."  Fed.R.Civ.P. 8(a); Loc.R.Prac.

16  3.2(a).  Plaintiff's Statement of Claim consists of fifteen pages

    of rambling about various statutes which have been enacted and the
17
    "theory of involuntary servitude".  Plaintiff makes no reference
18
    to what damage he has suffered as a result of the defendant's
19
    conduct.  Plaintiff has failed to provide a "short and plain
20
    statement of the claim".
21
            Additionally, Plaintiff has violated the fifteen (15)
22
    additional page limit.  Loc.R.Prac.  3.2(a).
23
            A complaint having the factual elements of a cause of action
24
    present but scattered throughout the Complaint and not organized
25
    into a "short and plain statement of the claim" may be dismissed
26
    for failure to satisfy Rule 8(a) of the Federal Rule of Civil
27

28                                  5

1     Procedure.    <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 640

2     (9th Cir. 1988).

3          For the foregoing reasons, Plaintiff's Complaint under 42

4     U.S.C. § 1983 does not have an arguable basis in law and therefore

5     will be dismissed pursuant to 28 U.S.C. § 1915(d).    <u>Neitzke v.</u>

6     <u>Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d

7     338, 347 (1989).

8          Plaintiff has also filed a "Motion for Extension of The Page

9     Limit of the Complaint 1983", (Document No. 3).    Because this

10    entire action is being dismissed, the Motion will be denied as

11    moot.

12          IT IS THEREFORE ORDERED that the Complaint and action are

13    dismissed and that judgment shall be entered accordingly.    28

14    U.S.C. § 1915(d).

15          IT IS FURTHER ORDERED that Plaintiff's "Motion for Extension

16    of The Page Limit of the Complaint 1983" (Doc. #3) is denied as

17    moot.

18          DATED this <u>28</u> day of <u>  MarcH  </u>, 1996.

19

20                       C. A. MUECKE

21                       United States District Judge

22

23

24

25

26

27

28                                   6



FILED _____ LODGED
RECEIVED _____ COPY

APR 1 1996

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

LAWRENCE DAWSON,                    )
                                    )
            Plaintiff,              )        **JUDGMENT IN A CIVIL CASE**
                                    )
                                    )
        v.                          )        CIV 96-0585-PHX-CAM (BGS)
                                    )
                                    )
FIFE SYMINGTON, et al,              )
                                    )
            Defendants,             )
_____)

\_\_\_\_  **Jury Verdict.**  This action came before the Court for a trial
      by jury.  The issues have been tried and the jury has rendered
      its verdict.

\_X\_\_  **Decision by Court.**   This action came to trial or hearing
      before the Court.  The issues have been tried or heard and a
      decision has been rendered.

      IT IS ORDERED **AND** ADJUDGED that the complaint and action
having  been dismissed pursuant to 28 U.S.C. 1915(d), plaintiff
shall take nothing by way of the complaint.  The complaint and
action are hereby dismissed.

\_\_April\_\_\_\_1, 1996_____         RICHARD H. WEARE
Date                                District Court Executive/Clerk

                                    *Ruth E. Williams*
                                    (By) Deputy Clerk

cc: (all counsel)